UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAMES DAVIS, et al., | Case No.: 17-CV-1845 W (JLB) |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND [DOC. 5]** |
| v. | |
| SENTINEL INSURANCE COMPANY, | |
| Defendant. | |

Pending before the Court is Defendant Sentinel Insurance Company's motion to dismiss Plaintiffs' fraud cause of action and punitive damage claim. Plaintiffs have filed a document titled "Certificate of Service of Plaintiffs' Opposition to Defendant's Motion to Dismiss", which simply states in conclusory terms that Plaintiffs' claims are sufficiently pled and, alternatively, requests leave to amend. (*Opp'n* [Doc. 6] 1:23–2:3.) The documents does not address any of the specific points raised by Sentinel.

The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1 (d.1). For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss with leave to amend [Doc. 5].

# I. BACKGROUND

In this insurance coverage dispute, Plaintiffs are suing Sentinel for (1) breach of contract, (2) breach of the implied covenant of good faith, and (3) fraud. (*See Compl.*[1]) The fraud cause of action is based on Sentinel's alleged failure to timely investigate and pay Plaintiffs' uninsured motorist claim. Plaintiffs also seek punitive damages.

Sentinel argues the fraud cause of action and request for punitive damages are insufficiently pled. The Court agrees.

# II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a

---

[1] The Complaint is attached as Exhibit A to Sentinel's Request for Judicial Notice [Doc. 1-4] filed in support of the Notice of Removal [Doc. 1].

cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. Plaintiffs have failed to allege claims for fraud and punitive damages.

Sentinel argues Plaintiffs' fraud cause of action is insufficient under Federal Rule of Civil Procedure Rule 9(b). The rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The rule applies to all causes of action based in fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102–5 (9th Cir. 2003). It requires "the circumstances constituting the alleged fraud [to] be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." Id. at 1106 (internal citations and quotation marks omitted). Thus, to survive a challenge based on Rule 9(b), a complaint must allege the "who, what, when, where, and how" of the misrepresentation. Id. The complaint must also explain why the representation complained of was false. Id.

Here, Plaintiffs' fraud cause of action completely omits any attempt to detail the who, when and where. Additionally, many of the "whats" (i.e., the fraudulent

statements) are nothing more than statements regarding Sentinel's contractual obligations, such as that Sentinel "will provide coverage for UM/UIM claims." (*Compl.* ¶ 9.) Those alleged representations are insufficient because the Complaint fails to provide any facts suggesting that the representations were false when made. See Smith v. Allstate Insurance Co., 160 F.Supp.2d 1150, 1154 (S.D. Cal. 2001). Other alleged false representations relate to matters of opinion, such as that "SENTINEL is a 'great' insurance company unlike some of its competitors." (*Compl.* ¶ 9.) "Representations of opinion are ordinarily not actionable for fraud because they contain judgments of quality, value, authenticity, or other matters of judgment. [Citation omitted.]" Smith, at 1154. For these reasons, Plaintiffs' fraud cause of action fails to comply with Rule 9(b) and thus must be dismissed.

Similarly, the Complaint is devoid of any allegations indicating that Sentinel is entitled to punitive damages. To assert a claim for punitive damages, Plaintiffs must plead allegations supporting an inference that Sentinel acted with fraud, oppression or malice. Smith v. Superior Court, 10 Cal.App.4th 1033 (1992). Here, Plaintiffs essentially allege that after Plaintiff James Davis was involved in an accident with a drunk driver, they submitted a UM/UIM claim to Sentinel. (*Compl.* ¶¶ 11, 12.) Plaintiffs allege that despite their demand that Sentinel cooperate in getting the matter to arbitration, it conducted no discovery and did not engage in any timely investigation, and from February to December 2016 did nothing to advance resolution of Plaintiffs' claims. (*Id.* ¶ 12.) Plaintiffs also allege that Sentinel's settlement offers were far lower than the amount ultimately awarded by an arbitrator. (*Id.* ¶ 24.) These allegations are insufficient to support a claim that Sentinel acted with fraud, oppression or malice. Accordingly the Court will also grant the motion with respect to Plaintiffs' punitive damage claim.

### B. **Plaintiffs are entitled to leave to amend.**

Sentinel argues Plaintiffs should not be given leave to amend the Complaint, arguing leave would be futile because the allegations in the Complaint contradict any

4

fraud or punitive damage claim based on the theory that Sentinel never intended to perform under the policy. (*Reply* [Doc. 8] 3:18–28.) Even if Sentinel was correct, it does not preclude Plaintiffs from raising an alternative fraud theory, i.e., one not based on Sentinel's failure to perform its contractual obligations. Because Federal Rule of Civil Procedure 15(a) requires that leave to amend be freely given, the Court must grant Plaintiffs leave to amend.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS WITH LEAVE TO AMEND** Sentinel's motion to dismiss [Doc. 6] the fraud cause of action and punitive damage claim. To the extent Plaintiffs intend to file an amended complaint, it must be filed on or before **March 26, 2017**.

**IT IS SO ORDERED**.

Dated: March 14, 2018

Hon. Thomas J. Whelan
United States District Judge