**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES DAVIS, et al., <br><br>　　　　　　　　Plaintiffs, <br><br>v. <br><br>SENTINEL INSURANCE COMPANY, <br><br>　　　　　　　　Defendant. | Case No.: 17-CV-1845 W (JLB) <br><br> **ORDER GRANTING MOTION TO DISMISS [DOC. 16]** |

Pending before the Court is Defendant Sentinel Insurance Company's motion to dismiss Plaintiffs' causes of action for fraud and financial elder abuse, and claim for punitive damages. Plaintiffs oppose.

The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1 (d.1). For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss without leave to amend [Doc. 16].

//
//
//

1

## I. BACKGROUND

This insurance coverage dispute arises out of Plaintiffs James and Cecelia Davis's uninsured motorist ("UM") / underinsured motorist ("UIM") claim to their insurer, Defendant Sentinel Insurance Company.

According to the First Amended Complaint ("FAC"), Mr. and Mrs. Davis are both over the age of 65. (*FAC* [Doc. 14] ¶ 33].) On or about August 17, 2013, Mr. Davis was involved in an automobile accident on State Route 52 in San Diego, California. (*Id.* ¶ 11.). The accident was caused by an intoxicated driver who was uninsured. (*Id.*)

Plaintiffs submitted a claim to Sentinel under the UM/UIM provision of their policy. (*FAC* ¶ 12.) Mr. Davis's claim included economic and non-economic damages, and Ms. Davis sought loss of consortium related to Mr. Davis's permanent injuries. (*Id.*) At some unspecified date, Sentinel offered to settle Plaintiffs claim for $750,000. (*Id.* ¶ 24.) Plaintiffs refused, and the parties attended binding arbitration between February and March 2017. (*Id.*) Ultimately the arbitrator awarded Plaintiffs "over $300,000.00 more" than Sentinel had offered to pay. (*Id.*)

Plaintiffs originally filed this lawsuit in the San Diego Superior Court. Plaintiffs allege that Sentinel failed to, among other things, properly and timely investigate and adjust the claim. (*FAC* ¶ 18.)

On September 12, 2017, Sentinel removed the case to this Court and filed a motion to dismiss. Plaintiffs filed a Certificate of Service of Plaintiffs' Opposition to Defendant's Motion to Dismiss, which stated in conclusory terms that their claims were sufficiently pled, but requested leave to amend if the Court agreed with Sentinel. (*See Opp'n* [Doc. 6] 1:24–2:11.) The Court found the complaint failed to state a fraud cause of action and punitive damage claim, and granted the motion with leave to amend. (*See MTD Order* [Doc. 12].)

In the FAC, Plaintiffs reasserted the fraud cause of action and punitive damage claim, and added a cause of action for financial elder abuse. Sentinel moves to dismiss the fraud and financial elder abuse causes of action, and punitive damage claim.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. Id. The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. Fraud Causes of Action

Sentinel argues Plaintiffs' fraud cause of action continues to be deficient because it fails to meet the particularity requirement of Federal Rule of Civil Procedure Rule 9(b).

Rule 9(b) requires "the circumstances constituting the alleged fraud [to] be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted). To survive a challenge based on Rule 9(b), a complaint must allege the "who, what, when, where, and how" of the misrepresentation. Id. The complaint must also explain why the representation complained of was false. Id. Additionally, "[a]lthough failure to perform a contract does not constitute fraud, a promise made without intention to perform can be actionable fraud." Smith v. Allstate Ins. Co., 160 F.Supp.2d 1150, 1152 (S.D. Cal. 2001) (citing Locke v. Warner Bros., Inc., 27 Cal.App.4th 354, 367 (1997)). To prove the fraudulent intent element, the plaintiff must do more than simply point to the defendant's subsequent failure to perform. Id.

Here, Plaintiffs' fraud cause of action alleges in conclusory terms that Sentinel made a number of promises regarding its claims-handling practices in order to gain business. (*FAC* ¶¶ 9, 28.) However, similar to the original complaint, Sentinel's alleged promises are by and large restatements of its contractual obligations, such as that it would "promptly investigate, adjust, and resolve the claim" and provide "coverage for uninsured motorists … and underinsured motorists." (*Id.* ¶ 9.) Missing from the FAC are any facts regarding who made the alleged promises, when the promises were made, and how they were made, i.e. verbally or in writing. Because the fraud cause of action fails to provide Sentinel with enough notice of the particular misconduct, it is insufficiently pled.[1]

---

[1] In their opposition, Plaintiffs concede leave to amend would be futile because they cannot state with more particularity allegations of who, what and where. (*Opp'n* [Doc. 17] 2:15–18.) Plaintiffs

4

B.     **Financial Elder Abuse Causes of Action**

Plaintiffs' FAC adds a cause of action for Financial Elder Abuse under California Welfare and Institutions Code § 15610.30.  Specifically, Plaintiffs alleges that Sentinel "misappropriated, retained, withheld and otherwise deprived Plaintiffs of money that was owed to them in the form of benefits payable under the policy of insurance protection at issue here."  (*FAC ¶* 32.)  Sentinel seeks to dismiss the cause of action without leave to amend for two reasons: (1) the cause of action is insufficiently pled; and (2) the Order granting Plaintiffs leave to amend the fraud cause of action did not grant leave to add a cause of action.

"Section 15610.30 broadly defines financial abuse of an elder as occurring when a person or entity 'takes, secretes, appropriates, obtains, or retains real or personal property of an elder' for 'a wrongful use or with intent to defraud, or both,' as well as 'by undue influence….'"  Paslay v. State Farm General Ins. Co., 248 Cal.App.4th 639, 656 (2016) (citing Cal. Welf. & Inst. Code, § 15610.30, subds. (a)(1), (a)(3)).  Under subsection (b), a person or entity "takes, secretes, appropriates, obtains or retains real or personal property when an elder or depending adult is deprived of any property right, including by means of an agreement…."  Id. (citing Cal. Welf. & Inst. Code, § 15610.30, subd. (c)).  "Thus, a party may engage in elder abuse by misappropriating funds to which an elder is entitled under a contract."  Id.  However, subsection (b) also requires the plaintiff to show that the defendant "knew or should have known" that their conduct "is likely to be harmful to the elder … adult."  Id. at 657.  In the context of a deprivation of property due an elder under an insurance contract, this additional element requires the plaintiff to show more than an incorrect denial of policy benefits.  Id. at 657–658.

---

request, however, that any order dismissing the cause of action be without prejudice so they may seek leave to amend at a later date if discovery reveals facts supporting the cause of action.  (*Id.* 2:18–20.)  Sentinel responds that any dismissal should be with prejudice.  Although leave to amend is not warranted, it would be inappropriate at this stage in the litigation to preclude Plaintiffs from filing a motion for leave to amend since discovery has not begun.

5

17-CV-1845 W (JLB)

In O'Brien v. Continental Casualty Co., 2013 WL 4396761 (N.D. Cal. 2013), plaintiff asserted causes of action for breach of an insurance policy, bad faith, and financial elder abuse stemming from defendant's denial of long-term care benefits. Because plaintiff's bad-faith claim was based on "unsupported legal conclusions" that defendant's "appropriation and retention" of policy benefits was done "in bad faith and with an intent to defraud," the court found the allegations were not entitled to an assumption of truth. Id. *5. Accordingly, the financial elder abuse claim was based on "the rather straightforward contract breach described in the Complaint" and thus insufficiently pled. Id.

Here, Plaintiffs' bad-faith cause of action is also based on vague and conclusory allegations. For example, the FAC alleges that Sentinel,

> engaged in oppressive and despicable conduct, including improper, untimely and inadequate investigation and evaluation of the underlying claim for UM benefits, failure to timely and adequately investigate the claim, failure and unreasonable refusal to timely pay benefits due under the policy, failure to timely settle the claim, failure to communicate in an open, fair and timely manner with Plaintiffs and/or their lawyer, and failure to comply with the provisions of the Insurance Code, Section 790 (a-h) and the regulations pertaining thereto, and putting its own interests above the interests of their insureds, the Plaintiffs.

(*FAC* ¶ 25.) Similar to the allegations in O'Brien, Plaintiffs' bad-faith claim is based on unsupported conclusions. Absent from the FAC are any facts, for example, indicating how Sentinel's investigation or communications with Plaintiffs were inadequate. Given the lack of facts suggesting bad-faith, and the failure to plead a fraud cause of action, Plaintiffs' claim of financial elder abuse boils down to a straightforward breach of contract claim. Because financial elder abuse requires more than a breach of contract, the Court finds Plaintiffs have failed to adequately plead the cause of action.

Plaintiffs nevertheless request leave to amend. But Plaintiffs' opposition fails to persuade the Court they could cure the defects. For example, Plaintiffs' opposition fails to identify any facts they could add to a second amended complaint to suggest this

6

lawsuit amounts to more than a straightforward breach of contract claim. Moreover, in responding to Sentinel's initial motion to dismiss, Plaintiffs also requested leave to amend the fraud cause of action "to conform it with the Court's ruling." (*Opp'n* 2:2–3.) Despite receiving leave to amend, Plaintiffs' re-pled fraud cause of action is based on virtually the same conclusory allegations contained in the original complaint, and thus granting Plaintiffs leave to amend was a waste of time. Finally, as Sentinel correctly points out, the Dismissal Order did not allow leave to amend to add a new cause of action. For all these reasons, the Court finds leave to amend is not warranted. To the extent discovery reveals facts supporting a financial elder abuse cause of action, Plaintiffs may seek leave to amend.

### C. <u>Punitive Damages</u>

Plaintiffs request punitive damages in connection with their bad-faith cause of action. Sentinel argues the punitive-damage claims should be dismissed because Plaintiffs failed to plead that Sentinel acted with the requisite oppression, malice or fraud.

California Civil Code § 3294 authorizes an award of punitive damages when a defendant "has been [found] guilty of oppression, fraud, or malice." <u>See</u> Cal. Civ. Code § 3294. "Malice" is defined as "conduct which is intended to cause injury to the plaintiff" or "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." <u>Id.</u> § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." <u>Id.</u> § 3294(c)(2).

It is well settled that "a plaintiff may collect punitive damages for an insurer's breach of the implied covenant of good faith and fair dealing if the plaintiff also establishes the requirements of Section 3294." <u>Clark v. Allstate Ins. Co.</u>, 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000) (citing <u>PPG Indus., Inc. v. Transamerica Ins. Co.</u>, 20 Cal.4th 310, 319 (1999); <u>Egan v. Mutual of Omaha, Ins. Co.</u>, 24 Cal.3d 809, 820, 822 (1979)). However, "the law clearly distinguishes between conduct which may amount to bad faith

7

and conduct which may support an award of punitive damages." Small v. Travelers Property Cas. Co. of America, 2010 WL 11508243, at *6 (S.D. Cal. 2010) (citing Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1288 (1994)). Thus, conduct that constitutes bad faith does not necessarily support an award of punitive damages. See Tomaselli, 25 Cal. App. at 1288 (finding an insurer's bad faith claims administration did not support award of punitive damages).

Here, as discussed above, Plaintiffs' bad-faith cause of action is based on vague and conclusory allegations. Indeed, the only facts alleged under that cause of action were that Sentinel offered Plaintiffs $750,000 to settle the claim, whereas the arbitrator with significant experience in valuing bodily injury claims awarded Plaintiffs "over $300,000.00 more at the binding arbitration…." (*FAC* ¶ 24.) The remaining allegations were conclusory statements. Even assuming Sentinel did undervalue Plaintiffs' claim by "over $300,000," such conduct is insufficient to indicate oppression, fraud or malice. Accordingly, Plaintiffs have failed to state a claim for punitive damages.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's motion [Doc. 16] and **DISMISSES WITHOUT LEAVE TO AMEND** the fraud and financial elder abuse causes of action, and punitive damage claim.

**IT IS SO ORDERED.**

Dated: October 18, 2018

_____
Hon. Thomas J. Whelan
United States District Judge