UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVIS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 17-cv-01845-W (JLB)<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 36]** |

  Before the Court is Plaintiffs' *ex parte* motion to amend the Scheduling Order. (ECF No. 36.) Plaintiffs request a two-month extension of the expert disclosure and expert discovery deadlines. (*See id.*) Defendant opposes Plaintiffs' motion. (ECF No. 37.) For the reasons set forth below, the Court **DENIES** Plaintiffs' *ex parte* motion.

  Section III(C) of Judge Burkhardt's Civil Chambers Rules requires that all motions requesting extensions of the dates set in the operative scheduling order be filed no less than 10 calendar days in advance of the dates and deadlines at issue. (*See* J. Burkhardt Civ. Chambers R. § III(C).) As the first date Plaintiffs seek to extend is their April 8, 2019 deadline to exchange expert disclosures, Plaintiffs' motion, which was filed on April 8, 2019, is untimely. When a motion is made after the time to bring that motion has expired, this Court's Civil Chambers Rules and Federal Rule of Civil Procedure 6(b) requires the moving party to address excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); J. Burkhardt

1

Civ. Chambers R. § III(C). As set forth below, Plaintiffs' *ex parte* motion fails to demonstrate excusable neglect.

In addressing excusable neglect, Plaintiffs' counsel states that he is unfamiliar with practice in federal court, and therefore did not believe Plaintiffs' expert designations required a report because "[i]n state court, expert designations do not require a report." (ECF No. 36 at 7.) Plaintiff's counsel further states that he was unaware of the requirement that *ex parte* motions to modify the scheduling order had to be made at least 10 days before the deadline because that "is not the case in state court." (*See id.*) In short, Plaintiffs' counsel admits that he did not review the Federal Rules of Civil Procedure, Judge Burkhardt's Civil Chambers Rules, or the Court's orders, all of which clearly address the Court's expectations and requirements, at some point after this case was removed in September 2017. (*See* ECF Nos. 25, 28; J. Burkhardt Civ. Chambers R. § III(C); Fed. R. Civ. P. 6(b)(1)(A), 26(a)(2).) Moreover, it is Judge Burkhardt's standard practice to advise the parties during the Case Management Conference to review her Civil Chambers Rules. The Case Management Conference occurred two months before this untimely *ex parte* motion was filed. (*See* ECF No. 27.) For these reasons, the Court does not find that Plaintiffs have demonstrated excusable neglect.

In addition to being untimely, Plaintiffs' request to continue the expert disclosure and expert discovery deadlines is not supported by good cause. The dates and times set in the operative scheduling order will not be modified except for good cause. *See* Fed. R. Civ. P. 16(b)(4); *see also* ECF No. 28 at ¶ 22.

The Ninth Circuit has explained the good cause requirement as follows:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon

> the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted). A district court has "broad discretion" to grant or deny a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).

Having reviewed Plaintiffs' motion, the Court finds that Plaintiffs have failed to meet their burden of showing good cause for the requested extensions. Defendant produced the relevant claims files and other documents on October 9, 2018. (ECF No. 37 at 4.) Plaintiffs' counsel did not thereafter send the documents to Plaintiffs' retained expert for approximately two months. (ECF No. 36 at 6.) Then, Plaintiffs allege a series of allegedly "unexpected" mishaps and difficulties. First, there was an "[u]nexpected delay" of several weeks due to Plaintiffs' expert's failure to receive the documents that were sent to him (and apparent lack of follow up by Plaintiffs' counsel). (*Id.*) Then, Plaintiffs' expert had difficulty accessing the production because it was password-protected. (*Id.*) Next, Plaintiffs' expert was "unexpectedly" hampered in his review of the approximate 9,000 pages of production due to the font size and Defendant's redactions. (*Id.*; *see also* ECF No. 37 at 5.) Plaintiffs now claim their expert needs an additional one or two months to manage his review of the production. (ECF No. 36 at 6.)

However, as Defendant points out, the underlying incident occurred in 2013, and Plaintiffs' counsel has been representing Plaintiffs since August 2013. (ECF No. 37 at 4.) In that time, Plaintiffs' counsel has "handled every aspect of" Plaintiffs' claim, including discovery and arbitration. Plaintiffs' counsel therefore was not only familiar with the produced documents, but many of them had previously been produced by Plaintiffs, including Plaintiffs' medical and financial records. (*See id.* at 5-6.) In addition, Defendant produced the documents in the "same manner in which they were maintained" in the ordinary course of business, with redactions accounted for in a privilege log, and provided Plaintiffs with the password to its production in the letter accompanying the production. (*See id.* at 6.) Thus, there was nothing out of the ordinary about this very manageable

number of documents. Moreover, despite Plaintiffs' protestations of difficulty, Defendant states that it provided its own claims handling expert with the exact same documents it produced to Plaintiffs, and in the same manner, on December 7, 2018, and its expert will be ready to timely produce a report by the Court-ordered deadline. (*See id.* at 7.)

Based on the foregoing, the Court finds that Plaintiffs were not diligent in complying with the Court's Scheduling Order. If Plaintiffs had been diligent, the information before the Court indicates that the expert disclosure and expert discovery deadlines in the Scheduling Order could reasonably have been met. Rather, it appears, that Plaintiffs simply failed to review the Federal Rules of Civil Procedure, Judge Burkhardt's Civil Chambers Rules, and the Court's orders after removal of this case, and were ignorant of, or at the very least careless about, the deadlines in the Scheduling Order. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (citing *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). As Plaintiffs were not diligent, the Court's inquiry ends here. *See Johnson*, 975 F.2d at 609.

For the reasons above, the Court concludes that Plaintiffs fail to meet their burden to show good cause to modify the scheduling order. Accordingly, the Court **DENIES** Plaintiffs' *ex parte* motion.

IT IS SO ORDERED.

Dated: February 14, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge

4

17-cv-01845-W (JLB)